JESÚS BIGAS, Plaintiff and Appellant, *v.* VALENTINA MONFORTE, Defendant and Appellee.

No. 10990. Argued March 5, 1954.—Decided April 13, 1954.

*Luis A. Garrastegui* and *Dennis Martínez* for appellant. *Félix Ochoteco, Jr.,* and *Antonio Zapater Cajigas* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

In 1939 Valentina Monforte, the defendant in this case, was negotiating to purchase the business then being conducted by Juan Bigas Sucrs. Jesús Bigas, the plaintiff herein and one of the partners of the firm, told the defendant he would oppose the sale unless the defendant gave him some money privately in addition to his share of the purchase

price. Accordingly, on May 22, 1939 the defendant signed a document reading as follows: "I bind myself to execute a promissory note at 8 per cent annually for the sum of $500 in the event I buy the business of Juan Bigas Sucrs." The defendant executed a similar document for $1,000 on May 19, 1939. A few months later the defendant purchased the business in question for $40,000 and assumed all its liabilities.

In 1950 the plaintiff sued the defendant, praying that the former be ordered to execute the two promissory notes in favor of the plaintiff, plus interest of $900. At the trial the defendant testified that one of the conditions of the two documents was that the purchase price of the business would be $30,000, and that this condition had not been met since she had been compelled to pay $40,000 in order to buy the business. The trial court gave credence to this testimony —which the plaintiff denies—and entered a judgment in favor of the defendant.

The plaintiff contends on appeal that the trial court erred in permitting oral testimony which varied the contents of the written documents involved herein. We cannot agree. We have held that under § 25 of the Law of Evidence— § 387, Code of Civil Procedure, 1933 ed.—oral evidence is admissible to show a condition precedent to the existence and enforcement of a written contract despite the fact that the condition is not contained in the written agreement. By the same token, the fact that the written contract recites one condition precedent—that the defendant shall buy the business—does not mean that parol evidence is inadmissible to prove another condition precedent to the existence of the contract; namely, that the business shall be purchased for $30,000. *Laborde* v. *López*, 26 P.R.R. 472; *Ochoteco* v. *Córdova*, 47 P.R.R. 522; *Nieto* v. *Torres*, 56 P.R.R. 147; *Ramírez* v. *Ramírez*, 65 P.R.R. 510; *Sánchez* v. *De Choudens*, *ante*, p. 1; 3 Williston *On Contracts*,

Revised ed., p. 1813 *et seq.*, particularly pp. 1825–6; IX Wigmore *On Evidence,* p. 117. *Cf. Collazo* v. *Conesa,* 70 P.R.R. 144; *París* v. *Canety,* 73 P.R.R. 386. The trial court did not err in admitting the oral testimony of the defendant that the written documents she signed were conditioned on a purchase price of $30,000 for the business.

The plaintiff also complains of the award to the defendant of attorney's fees of $300. We find no basis for interference with the action of the trial court in this respect.

The judgment of the Superior Court will be affirmed.